**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| APRIL ELASTER, | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 1:24-cv-11 |
| v. | ) | |
| | ) | Judge Atchley |
| BANK OF AMERICA CORPORATION, | ) | Magistrate Judge Steger |
| *Defendant*. | ) | |

**MEMORANDUM OPINION & ORDER**

Before the Court is the Motion to Dismiss for Failure to State a Claim [Doc. 21], filed by Bank of America, N.A. Plaintiff's Second Amended Complaint [Docs. 17 &18] fails to state a claim for relief and accordingly, the Motion to Dismiss [Doc. 21] will be **GRANTED** and this action **DISMISSED WITH PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's Second Amended Complaint [Doc. 17] asserts claims for negligence and negligent infliction of emotional distress following a delay in cashing a cashier's check. She alleges that on December 8, 2022, she purchased a cashier's check from Bank of America at the downtown Chattanooga branch, with the assistance of four employees. [Doc. 17 at 2]. On December 17, 2022, she attempted to cash that check at the Bank of America branch on Gunbarrel Road. [*Id.*]. She was told that she could not cash the check because she did not have an account with Bank of America. [*Id.*].

Plaintiff alleges that the financial center manager told her the check was not legitimate and there was no record of the transaction in their database. [*Id.*]. She was asked for identification and asked if she was employed. [*Id.*]. She was later told that the main branch processed the check

incorrectly "and as a result that they could not recourse the check or take any money off of it due to the incorrect processing, even though four (4) employees at the main branch reviewed the transaction and approved it." [*Id.*]. She claims that "[a]fter 3 hours of interrogation by the bank," she called the Chattanooga Police Department to make a report. [*Id.*]. After the police arrived, she alleges the bank "reluctantly" cashed the check. [*Id.*].

Plaintiff explains that the purpose of the "withdrawal" transaction was to purchase a vehicle for her daughter and that she was not able to complete the transaction due to the Bank's alleged failure to serve her. [*Id.*]. Finally, she states: "It is my belief that I was discriminated against because of my race, African American." [*Id.*].

These allegations are largely identical to those made in the first two iterations of Plaintiff's Complaint – the first filed in the Circuit Court of Hamilton County on December 18, 2023, [Doc. 1-1], and the Amended Complaint [Doc. 8] filed following removal to this Court. The original Complaint asserted that Bank of America owed her a fiduciary duty, which it breached, causing her injury [Doc. 1-1 at 3], while the Amended Complaint also mentioned negligence and negligent infliction of emotional distress ("NIED"). She seeks damages in the amount of $500,000. [*Id.*]. Neither asserted a claim based on racial discrimination.

On February 16, 2024, Bank of America Corporation ("BAC") filed a Motion to Dismiss for Failure to State a Claim [Doc. 9], arguing that (1) BAC is a holding corporation, not a bank; (2) Plaintiff is not a customer of any Bank of America entity and alleges no special relationship with BAC that would give rise to a breach of fiduciary duty; and (3) Plaintiff failed to allege any facts to support her allegation of racial discrimination. [*Id.*]. BAC explained that Bank of America, N.A. ("BANA"), is the entity that operates as a bank, is the correct defendant, and is a separate entity from BAC. [Doc. 9 at 1 n.1, Doc. 14 at 1 n.1].

Plaintiff responded with a Motion for Leave to File Second Amended Complaint [Doc. 13], attaching a proposed second amended complaint that added two new defendants to the action: a Bank of America branch at 2126 Gunbarrel Road Chattanooga, and the Bank of America Chattanooga Main Branch at 200 W M.L. King Blvd, Ste 100. After BAC's responsive brief noted that Plaintiff still had not added BANA to her pleadings, Plaintiff filed a second version of the second amended complaint, identifying BANA in the case caption, though not in the factual allegations.

On April 22, 2024, the Court denied the motion to dismiss without prejudice. [Doc. 16]. Affording Plaintiff significant lenience as a pro se litigant, the Court granted the motion to amend in part, explaining various deficiencies in the pleadings and ordering Plaintiff to file a new amendment. The Court explained that Plaintiff's allegations were insufficient to state a claim for relief as pleaded. [Doc. 16 at 6]. First, Plaintiff did not name BANA as a defendant, despite being repeatedly advised that this was the correct entity. Second, Plaintiff alleged no fiduciary relationship with any Defendant entity. Third, Plaintiff was not a customer of any Bank of America entity, and so could not establish that any Defendant owed her a duty of care. Because Plaintiff did not adequately allege the elements of a negligence claim, she also failed to state a claim for NIED, in addition to failing to allege a serious or severe emotional injury. Finally, the Court noted that Plaintiff did not assert a claim for racial discrimination and alleged no facts to support such a claim. [*Id.* at 9].

Though these deficiencies appeared unlikely to be cured by amendment, based on the Sixth Circuit's policy of leniency towards pro se litigants, the Court gave Plaintiff a chance to amend. The Order specifically and repeatedly advised that Plaintiff's amended complaint would supersede all prior pleadings.

In response to this Order, Plaintiff filed a Second Amended Complaint [Doc. 17] (the "SAC") that sets out substantially identical factual allegations and duplicates the deficiencies of her prior pleadings.[1] BANA is once again not identified as a Defendant. Plaintiff instead names two Bank of America branches as Defendants – one on Gunbarrel Road and the "Chattanooga Main Branch" on West ML King Boulevard. The SAC continues to assert claims for negligence and negligent infliction of emotional distress, but newly cites § 3-103(9) of the Uniform Commercial Code and, in the prayer for relief, mentions breach of contract.

In its supporting memorandum, Bank of America N.A. again notes that the two financial centers are not legal entities, but owned and operated by BANA, who is once again not a named Defendant.[2] [Doc. 22 at 1]. BANA argues that UCC Article 3-103, adopted by the State of Tennessee as T.C.A. § 47-3-103, does not provide a private cause of action, but merely a definition of "ordinary care." Next, BANA notes that Plaintiff still has not shown that any Defendant entity owed her a duty of care, which is required for both her negligence and NIED claims. Finally, BANA argues that to the extent that Plaintiff asserts a claim for racial discrimination, it is conclusory and unsupported by any factual allegations.

## II. STANDARDS OF REVIEW

On a motion to dismiss, the Court "must accept as true 'well pleaded facts' set forth in the complaint." *In re Comshare Inc. Sec. Litig.*, 183 F.3d 542, 548 (6th Cir. 1999) (citation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Generally, "[a] claim has facial plausibility when the plaintiff

---

[1] Plaintiff filed two versions of the SAC, one signed and the other unsigned and with a type of relief stricken. [Docs. 17 & 18].

[2] BANA notes that Plaintiff did not name it as a Defendant in the SAC. [Doc. 21 at 1 n.1]. It states that Bank of America Corporation, named in the original complaint, advised Plaintiff that BANA was the correct defendant entity. However, because Plaintiff sued two financial centers owned and operated by BANA, BANA filed its motion to dismiss out of an abundance of caution. [Doc. 21]. Regardless of which Bank of America entity is named as a defendant, Plaintiff's claims fail on the merits. So the Court has not addressed this issue.

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "The [plaintiff's] factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). "Mere labels and conclusions are not enough; the allegations must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 575 (quoting *Ashcroft*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III. ANALYSIS

Out of an abundance of caution, the Court identified deficiencies in Plaintiff's proposed second amended complaint and ordered her to file a new proposed second amended complaint. Having the benefit of Defendant's arguments and the Court's identification of pleading deficiencies, Plaintiff has again failed to state a claim for relief.

Plaintiff identifies two claims in her SAC: negligence and negligent infliction of emotional distress. She appears to premise her negligence claim on an alleged violation of the duty of ordinary care, borrowing the standard from the Uniform Commercial Code. As adopted by the State of Tennessee, this section provides in relevant part: "'Ordinary care' in the case of a person engaged in business means observance of reasonable commercial standards, prevailing in the area in which the person is located, with respect to the business in which the person is engaged." T.C.A. § 47-3-103(6). As BANA points out, this is merely a definition and does not provide a private right

of action.

As the Court explained in its prior order, to state a negligence claim under Tennessee law, a plaintiff's allegations must establish (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate or legal cause. *West E. Tenn. Pioneer Oil Co.*, 172 S.W.3d 545, 550 (Tenn. 2005). Duty is "an essential element in all negligence claims." *Id.* Whether any Defendant owed Plaintiff a duty of care is a question of law to be determined by the Court. *Id*.

The Court also explained "[t]he almost-universal law in this country . . . that banks owe a duty of care only to their own customers." *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 357 (6th Cir. 2014) (dismissing identity-theft victim's negligence claim against bank); *see also Pierre Investments, Inc. v. Fifth Third Bancorp*, 2022 WL 6764494, *5 (S.D. Ohio Oct. 11, 2022) ("Ohio follows the prevailing rule that a bank owes no duty to a person who is neither a customer nor an account holder." (citation omitted)). At least one federal court has relied on the Sixth Circuit's holding in *SFS Check* to find that in Tennessee, a bank owes no duty of care to non-customers. *See Belle Meade Title & Escrow Corporation v. Fifth Third Bank*, 282 F. Supp. 3d 1033, 1038 (M.D. Tenn. 2017) ("Tennessee courts, if confronted directly with the question, would conclude that banks do not owe a duty of care to non-customers."). Borrowing again from Tennessee's adoption of the UCC, a "customer" is "a person having an account with a bank or for whom a bank has agreed to collect items, including a bank that maintains an account at another bank." T.C.A. § 47-4-104.

Plaintiff does not allege that she was a customer of any of the entities she names in her pleadings. She alleges no other facts from which the Court could find that BANA, BAC, or the

two Bank of America branches owed her a duty of care. So she has not stated a claim for negligence. And even if BANA owed Plaintiff some duty of care, Plaintiff's allegations are insufficient to show that the Bank breached that duty – Plaintiff's cashier's check was ultimately cashed, albeit after several hours.

Second, the SAC fails to state a claim for negligent infliction of emotional distress. Negligence is an element of an NIED claim. *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 205 (Tenn. 2012) ("The elements of a claim for negligent infliction of emotional distress include the elements of a general negligence claim . . . "). Since Plaintiff cannot state a claim for negligence, she cannot state a claim for NIED. Nor has she alleged facts that suggest she suffered a serious or severe emotional injury. Serious mental injury occurs when "a reasonable person, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case." *Giles v. Folks*, 61 F. Supp. 3d 749, 758-59 (E.D. Tenn. 2014). The stress of a three-hour delay in cashing a check is not something that a reasonable person, normally constituted, would be unable to cope with.

In addition, Plaintiff's Response to Defendant's Motion to Dismiss [Doc. 25] does not mention her negligence or NIED claims at all, instead framing the issue as "whether there was a breach of contract under Tennessee common law and/or a UCC violation for the Defendant's refusal to honor the certified check at issue." [Doc. 25 at 1]. By failing to address either of the two claims asserted in her SAC, Plaintiff has abandoned them. *See Doe v. Bredesen*, 507 F.3d 998, 1007–08 (6th Cir. 2007) (plaintiff abandoned certain claims by failing to raise them in his brief in opposition to defendant's motion to dismiss); *Kines v. Ford Motor Co.*, No. 1:19-cv-01054, 2020 WL 5550396 (W.D. Tenn. Sept. 16, 2020) ("[T]he Court has little choice but to conclude that, by not addressing any such claim in their response to the Defendant's dispositive motion, Plaintiffs

have abandoned it."). Deeming these claims abandoned is particularly appropriate where (i) Defendant has already moved to dismiss those claims, and (ii) the Court has taken the time to explain why the claims are deficient and Plaintiff simply reasserted them with little alteration.

Nor can Plaintiff assert new claims in response to the motion to dismiss, particularly where she was already given the opportunity to amend. "A plaintiff cannot raise new legal claims in response to a dispositive motion filed by the defendant." *Faber v. Smith*, 2018 WL 6918704, *2 (6th Cir. 2018) (district court did not err by failing to consider claims asserted for the first time in response to Rule 12(b)(6) motion to dismiss). More obviously, the section of the UCC on which Plaintiff relies is clearly inapplicable; it applies when a bank refuses to pay or stops payment of certain types of checks. *See* UCC § 3-411. Neither of those things happened here – Plaintiff alleges the Bank ultimately cashed her check.

Out of an abundance of caution, the Court addresses a few more allegations that may be intended as claims. First, Plaintiff did not reassert a claim for breach of fiduciary duty. As the Court previously explained, [Doc. 16], her factual allegations do not support such a claim. The SAC acknowledges that, consistent with the Court's Order [Doc. 16], all prior pleadings are superseded. [Doc. 17 at 1].

Nor has Plaintiff stated a claim for discrimination on the basis of race. The Court previously noted that the complaint "does not assert any claim based on racial discrimination," so that claim was not evaluated. [Doc. 16 at 9]. The SAC makes the same isolated and conclusory allegation as prior pleadings: that Plaintiff believes she was discriminated against because of her race. If Plaintiff intended to assert a claim for racial discrimination, the Court's Order put her on notice that this allegation is insufficient to state a claim, yet she made no relevant changes.

Next, Plaintiff references breach of contract in her prayer for relief and responses to the

motion to dismiss. [Doc. 17 at 4; Doc. 25 at 1]. The SAC does not state a claim for breach of contract because it does not allege the existence of an enforceable contract between Plaintiff and any Bank of America entity.

One final note. In an unauthorized surreply, Plaintiff urges that pro se pleadings are to be considered without regard to technicality and not held to the same standards as pleadings prepared by attorneys. True enough. But "[e]ven a pro se pleading must provide the opposing party with notice of the relief sought, and it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012). Plaintiff's factual allegations simply do not state a claim for relief and her opposition to the motion to dismiss does not address any of Defendant's arguments.

## IV. CONCLUSION

Plaintiff's Second Amended Complaint [Docs. 17 & 18] fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). This is so irrespective of which Bank of America entity is named as a defendant. Accordingly, Defendant's Motion to Dismiss for Failure to State a Claim [Doc. 21] is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**